SUPREME COUNCIL AMERICAN LEGION OF HONOR *vs.*
BETSEY PERRY & others.
JAMES P. HICKS, executor, *vs.* BENJAMIN G. PERRY &
others.

Essex. Nov. 6, 1885. — Jan. 11, 1886. FIELD & DEVENS, JJ., absent.

A beneficiary association formed under the St. of 1877, *c.* 204, (Pub. Sts. *c.* 115, § 8,) issued a certificate to a member, by the terms of which a certain sum was payable to his wife, on his death, subject to such further disposal among his dependents as he might thereafter direct in compliance with the by-laws of the association. By the provisions of the by-laws, a member in good standing might surrender his certificate, and have a new one issued, payable to such beneficiary dependent on him as he might direct, and in the event of the death of the beneficiary named, and no other disposition being made, the benefit was to go to the dependent heirs of the deceased member. The wife died before her husband. He left a will bequeathing the benefit fund to a person to whom he was engaged to be married, but to whose support he had contributed nothing, and who was not dependent upon him. He died without marrying this person, and left his mother, who was dependent upon him, as his next of kin. *Held*, that he could not dispose of the fund by will, and that the mother was entitled to it.

A member of a beneficiary association formed under the St. of 1877, *c.* 204, (Pub. Sts. *c.* 115, § 8,) cannot direct by will that a person not within the class contemplated by the statute shall receive the benefit of a certificate issued to him, even if the terms of the certificate permit such disposition to be made.

A person to whom a member of a beneficiary association, formed under the St. of 1877, *c.* 204, (Pub. Sts. *c.* 115, § 8,) is engaged to be married, cannot be said, as matter of law, to be dependent upon such member; nor can a sister of such member.

A member of a beneficiary association formed under the St. of 1877, *c.* 204, (Pub. Sts. *c.* 115, § 8,) after the death of his wife, lived with M., her sister, until his own death. It was found as a fact that she had no property except real estate, valued at about $1400, and furniture, worth about $300; and that she depended on him to support her, if he was able and she was in need. A decree was entered that another person was entitled to the benefit of a certificate issued by the association to the member. *Held*, on appeal, that it could not be ruled, as matter of law, that M. was dependent upon the member.

The Superior Court has no power, on a bill in equity, to order real estate of a deceased person to be sold, and the proceeds to be applied to the payment of his debts, funeral expenses, and charges of administration.

If the executor of the will of a member of a beneficiary association, formed under the St. of 1877, *c.* 204, (Pub. Sts. *c.* 115, § 8,) receives from the association the amount due on a benefit certificate issued to the member, he takes it in trust to pay it over to the person entitled thereto.

THE FIRST CASE was a bill of interpleader against Betsey Perry, Augusta F. Wallace, and James P. Hicks, executor of the will of Samuel B. Perry. Betsey Perry died pending the

suit, and her administrator, Benjamin G. Perry, was made a defendant. The case was heard in the Superior Court, before *Pitman,* J., who found the following facts:

The plaintiff belongs to the class of corporations mentioned in sections 8–10 of *c.* 115 of the Pub. Sts., and in *c.* 195 of the St. of 1882. It was established and organized for the purpose of cooperative insurance, transacting its business, to a certain extent, through the agency of grand and subordinate councils, which exist by virtue of charters duly granted by the plaintiff; and any person who may become a beneficial member, in due form, of one of the subordinate councils, and who thereafter complies with all the laws and usages adopted by the plaintiff for the government of subordinate councils, is thereby entitled to all the rights, privileges, and benefits conferred by the plaintiff.

Among the objects of said corporation is that of establishing a benefit fund, by contributions made thereto by members of subordinate councils, out of which fund, upon satisfactory proof of the death of one of such contributing members who has complied with all the laws and usages of the plaintiff, there is paid to the family, orphans, or dependents of such deceased member a certain portion of said benefit fund, according to the age of such deceased member, and according to his rank and degree in the subordinate council to which he has been admitted to membership, the beneficiary entitled to such portion of the benefit fund to be designated by the member in his original application for membership, or by direction subsequently given by him in accordance with the laws and usages of said corporation.

A subordinate council, called and known as Excelsior Council No. 99, was duly established and organized at Haverhill; and, on or about February 26, 1880, Samuel B. Perry became a second degree member of said Excelsior Council No. 99; and, by virtue of his membership therein, he became entitled to all the privileges and benefits provided by said corporation; and his beneficiary named in his application for membership would be entitled to receive from the plaintiff, upon the decease of Samuel B. Perry, the sum of $1000; and a benefit certificate was issued to Samuel B. Perry by the plaintiff, as evidence of his membership.

Samuel B. Perry, by his application for membership, directed that all benefits to which he might be entitled should be paid to Carrie E. Perry, his wife, and in the benefit certificate issued to him said sum of $1000 was made payable to said Carrie E. Perry, subject to such future disposal among the dependents of said Samuel as he might thereafter direct, in compliance with the laws of said corporation.

Samuel B. Perry died on or about September 27, 1882, being, at the time of his death, in good standing as a member of said Excelsior Council, and having so far complied with the laws of the plaintiff corporation as to entitle his beneficiary to the amount named in his benefit certificate.

Carrie E. Perry died prior to the decease of Samuel B. Perry.

Before the issuing of the benefit certificate above mentioned to Samuel B. Perry, the plaintiff had established laws relating to the payment of its benefit funds as follows :

" Section 2.   Applicants shall enter upon their application the name or names of the members of their family, or those dependent upon them, to whom they desire their benefit paid, and the same shall be entered in the benefit certificate by the supreme secretary, subject to such future disposal of the benefit among their dependents as they thereafter direct.

" Section 3.   Members may at any time, when in good standing, surrender their certificate and have a new one issued, payable to such beneficiary or beneficiaries dependent upon them as they may direct, upon the payment of a certificate fee of fifty cents.

" Section 4.   In the event of the death of one or more of the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made by the member, in case of death, the benefit shall be paid in full to the surviving beneficiary or beneficiaries, each sharing *pro rata*, as provided in the benefit certificate.

" Section 5.   In the event of the death of all the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made, the benefit shall be paid to the dependent heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit by the laws of this order, it shall revert to the benefit fund."

Samuel B. Perry left a will, which was duly admitted to probate on November 6, 1882, in which will James P. Hicks was named as sole executor.    He has been duly appointed executor, and has been qualified by giving bond.    By the terms of the will, the testator bequeathed to Augusta F. Wallace all money accruing from the benefit certificate in question.

At the time of making said will, and at the time of the decease of Samuel B. Perry, a valid engagement of marriage subsisted between him and the defendant, Augusta F. Wallace. During the time of their engagement, Samuel B. Perry contributed nothing material to the support of Augusta F. Wallace, and she was not dependent upon him.

The defendant Betsey Perry was the mother of Samuel B. Perry, was a widow, and his sole next of kin at the time of his decease.    She was then about eighty years of age, had no property, and depended upon him to assist her, if he was able.

The judge ordered a decree to be entered that Betsey Perry was entitled, at the time of the filing of the bill, to the benefit fund in question, and that her administrator was now entitled to receive it.    From this decree the defendants Wallace and Hicks appealed to this court.

THE SECOND CASE was a bill of interpleader, by the executor of the will of Samuel B. Perry, against Benjamin G. Perry, Lydia M. Perry, Emily A. Morse, Augusta F. Wallace, Wilfred F. Wallace, Palestine Lodge No. 26 Knights of Pythias of the World, and Post No. 47 Grand Army of the Republic.

The administrator of the estate of Betsey Perry filed a cross bill against the executor of the will of Samuel B. Perry, and the same persons and associations mentioned as defendants in the original bill, except the one first named.

At the hearing in the Superior Court, *Pitman*, J., found the following facts:

Samuel B. Perry executed his last will, and a codicil thereto, on June 21, 1882.    On September 27, 1882, he died, leaving as his heir at law and next of kin Betsey Perry, his mother.    On November 6, 1882, said will and codicil were duly admitted to probate, and letters testamentary issued to James P. Hicks, the executor named therein.

Subsequently to said November 6, Betsey Perry died intestate, leaving as her heirs at law and next of kin Benjamin G. Perry and Lydia M. Perry; said Benjamin G. Perry has been duly appointed administrator of her estate.

Samuel B. Perry at the time of his death was seised of certain real estate situated in Bradford, and valued at $1700, and was possessed of certain personal chattels, consisting of household furniture, jewelry, and personal wardrobe, all valued at $193.

Samuel B. Perry was at the time of his death a member in good standing of a certain unincorporated voluntary association called the Knights of Pythias Beneficial Association, and his executor is entitled to receive from said association the sum of $200, which it declines to pay, and which he has not been able to collect.

The will of Samuel B. Perry contained the clause, "after payment of my just debts and funeral expenses," followed by certain bequests of specific chattels to the defendants, a bequest to Lydia M. Perry of "one thousand dollars of the insurance money in the endowment rank Section 155 Knights of Pythias of the World; a bequest of $1000, in the same terms, to Emily A. Morse; and a bequest to Augusta F. Wallace of "all moneys accruing from the balance of insurance money in endowment rank Section 155 Knights of Pythias of the World, and also in the American Legion of Honor, Excelsior Council No. 99, and also in the Knights of Pythias Beneficial Association of the State of Massachusetts." The will made no devise of real estate, and contained no residuary clause.

The codicil, which was in the form of a letter addressed to James P. Hicks, and signed by three witnesses, contained, among other clauses, the following:

" Your expenses and likewise all legal [sic] you will please deduct from the moneys you may receive."

" At the time of my death, should there be no stone to mark the last resting-place of my father, John W. Perry, and my wife, Carrie E. Perry, you will cause to be placed at their heads such stones as Benjamin G. Perry and Miss Emily A. Morse may suggest, and deduct therefor from the moneys you may receive that would without the above request be received by Mrs. Augusta F. Wallace remembered in my will."

The chattels hereinbefore mentioned as valued at $193 are specifically bequeathed in the will.

Samuel B. Perry at the time of his death was indebted to sundry persons. Emily A. Morse has brought an action against his executor upon a claim for services rendered Samuel B. Perry, which action is now pending. The chattels above referred to are insufficient to pay the debts, funeral expenses, and charges of administration; and the executor has received no money except the $3000 hereinafter referred to.

Emily A. Morse is a sister of a deceased wife of Samuel B. Perry, but not of kin to him. Lydia M. Perry is a sister of Samuel B. Perry. Augusta F. Wallace, at the time of the making of the will and codicil, and at the time of the death of Samuel B. Perry, was under an engagement of marriage with him, but not of kin to him.

The Knights of Pythias of the World, a corporation belonging to the class of corporations mentioned in the Pub. Sts. c. 115, §§ 8–10, and the St. of 1882, c. 195, issued two benefit certificates to Samuel B. Perry, one for $1000, and the other for $2000, which were similar in form. The one for $2000 was issued on September 5, 1879, and contained the following clauses:

" This certifies that brother Samuel B. Perry has received the endowment rank of the Order of Knights of Pythias in Section No. 155, and is a member in good standing in said rank.

" And in consideration of the representations and declarations made in his application bearing date of September 2, 1879, which application is made a part of this contract, and the payment of the prescribed admission fee, and in consideration of the payment hereafter to said endowment rank of all assessments as required, and the full compliance with all the laws governing this rank now in force or that may hereafter be enacted, and shall be in good standing under said laws, the sum of two thousand dollars will be paid by the Supreme Lodge Knights of Pythias of the World to Carrie E. Perry, as directed by said brother in his application, or to such other person or persons as he may subsequently direct, by will or otherwise, and entered upon the records of the supreme master of exchequer, upon due notice and proof of death and good standing in the rank at the time of death and the surrender of this certificate.

" Provided, however, that if at the time of the death of the said brother there shall be less than two thousand members in this class there shall only be paid a sum equal to one dollar for each member in good standing in this class. And it is understood and agreed that any violation of the within mentioned conditions, or the requirements of the laws in force governing this rank, shall render this certificate and all claims null and void, and that the said Supreme Lodge shall not be liable for the above sum, or any part thereof."

Prior to the time when said Samuel B. Perry died, but after the issuing of said certificates to him, said corporation established laws relating to the payment of benefit funds upon its certificates, of which Article 9 was as follows:

" Section 1. Upon the death of a member of this rank, the benefit as specified in Art. 5 shall be paid by the secretary and treasurer (as soon as received from the supreme master of exchequer) to the widow and children of the deceased ; and if there be no widow and children, then to the father and mother, sisters and brothers, share and share alike; — provided that the amount of said benefit shall be held sacred, a legacy to and for the said legatees, and shall never, under any circumstances, be liable for or be appropriated to the payment of any debts against the estate of said deceased member ; — provided further, that the member shall have full power to dispose of the sum so accruing upon his death by will, or he may name a party at the time he becomes a member of this rank, to whom the money shall be paid upon his death.

" If none of the aforesaid persons be alive, and the deceased shall have made no disposition by will, the secretary shall appropriate toward the funeral expenses of the deceased as much as shall be necessary for that purpose, and, after said payment, the surplus remaining shall be paid into the widow and orphans' fund of the Lodge of Knights of Pythias, to which the deceased belonged.

" To whomsoever said amount shall be paid in accordance with the preceding provisions, the president and secretary and treasurer of the section shall take receipts for all and every part thereof, and shall also take up the certificate of membership in this rank belonging to the deceased, and forward the same to the supreme master of exchequer to be cancelled.

" The benefit shall always be payable within sixty days after proof of death.

" Section 2.   A member desiring to change the name of the beneficiary in his case shall make a written request to his section at a regular meeting thereof, and thereupon a copy of such request shall be entered on the records, and action shall be taken thereon by the section, and, if the same is favorable to the change, the original request under the seal of the section, together with the certificate originally issued, shall be sent to the supreme master of exchequer, and he shall attach the same to the original application in case, and shall enter such transfer in a book of transfers to be kept for the purpose, and thereupon the party to whom the transfer has been made shall become entitled to a new certificate, and one shall be issued to him; provided, however, no transfer shall be made nor allowed for any pecuniary consideration, but only when it is made on account of natural love and affection."

Said corporation paid over and delivered said benefit funds to James P. Hicks, after notice of the existence of said will and codicil, and after a copy thereof had been filed with it, without any written or verbal directions as to their application.

At the time of making said will and codicil, and at the time of the decease of Samuel B. Perry, a valid engagement of marriage subsisted between him and the defendant Augusta F. Wallace.   During the time of their engagement, Samuel B. Perry contributed nothing material to the support of the defendant Augusta F. Wallace, and she was not dependent upon him.

The defendant Betsey Perry was the mother of Samuel B. Perry, and was a widow at the time of his decease.   She was then about eighty years of age, had no property, and depended upon him to assist her, if he was able.

From the time of the decease of his wife, Carrie E. Perry, to the time of his own decease, Samuel B. Perry resided with the defendant Emily A. Morse, who then had no relatives nearer than cousins living, and no property except the real estate occupied by them, valued at about $1400, and furniture worth about $300, and she depended upon him to support her, if he was able and she was in need.

At the time of the execution of said will and codicil, and at the time of the decease of Samuel B. Perry, the defendant Lydia Perry was unmarried, and had no property.

The judge ordered a decree to be entered, that the administrator of the estate of Betsey Perry was entitled to receive the benefit funds, amounting to $3000; that the same were wrongfully paid to the executor of Samuel B. Perry's estate; that he received them in trust for Betsey Perry, and should pay them forthwith to the administrator of her estate ; that the real estate should be sold, and the proceeds thereof applied to the payment of the debts, funeral expenses, and charges of administration ; and that the executor of Samuel B. Perry's estate should not carry out the instructions of the codicil relating to the placing of stones at the graves of the father and wife of the testator.

From this decree, James P. Hicks, executor, Augusta F. Wallace, Francis H. Pearl, administrator of the estate of Emily A. Morse (who died pending the suit), and Lydia M. Perry, appealed to this court.

The two cases were argued together.

*I. A. Abbott & F. H. Pearl*, for the administrator of the estate of Betsey Perry, for the administrator of the estate of Emily A. Morse, and for Lydia M. Perry.

*B. F. Brickett & C. H. Poor*, for Augusta F. Wallace.

GARDNER, J. The plaintiff in the first case is a corporation organized for the purpose of coöperative insurance, belonging to that class of corporations mentioned in the Pub. Sts. *c.* 115, §§ 9, 10, and the St. of 1882, *c.* 195. From the report of facts it is evident that the plaintiff corporation must have been organized under the St. of 1877, *c.* 204, which provides that certain associations, of which the plaintiff is one, " may, for the purpose of assisting the widows, orphans, or other dependents of deceased members, provide in their by-laws for the payment by each member of a fixed sum, to be held by such association until the death of a member occurs, then to be forthwith paid to the person or persons entitled thereto," and such fund shall not be liable to attachment. This is substantially the same as § 8 of the Pub. Sts. *c.* 115.

The plaintiff corporation made certain by-laws. After this Samuel B. Perry became a member, and named as his beneficiary,

in his application for membership, his wife, Carrie E. Perry. By the terms of the certificate issued to him by the plaintiff, $1000 was made payable to his wife, " subject to such further disposal among the dependents of said Samuel as he might thereafter direct, in compliance with the laws of said corporation." Carrie E. Perry died before her husband. He died in September, 1882, leaving a will, and being at the time of his decease engaged to be married to the defendant Augusta F. Wallace, to whom he bequeathed said $1000.

1. The first question raised is whether Samuel B. Perry could dispose of this money by will. The statute under which the plaintiff corporation is organized gives it authority to provide for the widow, orphans, or other persons dependent upon deceased members, and further provides that such fund shall not be liable to attachment. The classes of persons to be benefited are designated, and the corporation has no authority to create a fund for other persons than of the classes named. The corporation has power to raise a fund payable to one of the classes named in the statute, to set it apart to await the death of the member, and then to pay it over to the person or persons of the class named in the statute, selected and appointed by the member during his life, and, if no one is so selected, it is still payable to one of the classes named. The claim that the fund is subject to disposition by will appears to be contrary to the scheme projected by the statute. If the fund were subject to testamentary bequest, then, upon the decease of the member, it might go into the hands of his executor or the administrator of his estate, and become assets thereof, liable to be swallowed up by the creditors. *Johnson* v. *Ames*, 11 Pick. 173, 181. *Osgood* v. *Foster*, 5 Allen, 560. If there were no creditors, the member by his will could divert it from the three classes named in the statute. In either case, this would defeat the purpose for which the fund was raised and held, and would be in direct conflict with the object of the statute for which the association was formed, and would set aside the contract entered into between the member and the corporation.

In determining this question, it is the duty of the court to construe the statute liberally, and in such a manner as to carry out the benevolent purpose sought to be provided for, and in

no event, unless absolutely required by its language, to construe it so as to defeat such purpose. *Ballou* v. *Gile*, 50 Wis. 614.

We are therefore of opinion, that the deceased member, Samuel B. Perry, was not empowered to bequeath this fund by his last will and testament, and that the bequest of the same to Augusta F. Wallace is void and of no effect. *Kentucky Ins. Co.* v. *Miller*, 13 Bush, 489. *McClure* v. *Johnson*, 56 Iowa, 620.

2. The defendant Augusta F. Wallace contends, that, if she is not entitled to this fund under the will of Samuel B. Perry, she comes within the class of persons designated as "dependents" upon said Samuel, and should therefore be its recipient. At the time of the decease of said Perry, a valid engagement of marriage subsisted between him and the defendant Augusta, and, by reason of this, she claims to be dependent upon him. Until they became man and wife by marriage, there was no obligation upon the said Samuel to support or provide for her. She does not come within the class of persons whom, if able, he was bound by law to support. Pub. Sts. *c.* 84, § 6. The mere engagement to marry imposed no obligation upon him, except to carry out his contract with her. Their mutual promise to marry did not in any sense, by itself, make her dependent upon him. In *Ballou* v. *Gile, ubi supra,* under similar by-laws to those of the plaintiff association, the court said : " We think the true meaning of the word ' dependent,' in this connection, means some person or persons dependent for support in some way upon the deceased." If this interpretation is correct, then it is a question of fact, and not of law, to determine whether Augusta was dependent upon Samuel. If it is not correct, the Superior Court assumed the question to be one of fact, and so passed upon it. As matter of law, it is clear, upon the facts stated in the report, that Augusta was not dependent upon Samuel, as the term is used in the statute. The Superior Court having passed upon the question of fact, and found that she was not dependent upon him, we are bound by this decision, and cannot in this case review it.

As the by-laws of the plaintiff corporation provide that, in the event of the death of all the beneficiaries selected by the member before his decease, if no other or further disposition thereof. be made, the benefit shall be paid to the dependent heirs of the

deceased member, and as it appears by the report that the presiding judge at the trial found, as matter of fact, that the defendant Betsey Perry, the mother of Samuel B. Perry, at the time of his death, was a widow, his sole next of kin, and dependent upon him, and inasmuch as the above provision in said by-laws is in conformity with the statute, the decree of the Superior Court must be affirmed.

The second case is in many respects similar to the one we have been considering. The association known by the name of the Knights of Pythias was organized under the statute before September, 1879. One of the certificates of membership granted to Samuel B. Perry in September, 1879, by the said association, sets out that, in consideration of the representations and declarations made in his application, which is made part of the contract, and the payment of the prescribed fee, and in consideration of the payment hereafter to said endowment rank of all assessments as required, and the full compliance with all the laws governing this rank now in force or that hereafter may be enacted, two thousand dollars will be paid by the said association "to Carrie E. Perry, as directed by said brother in his application, or to such other person or persons as he may subsequently direct, by will or otherwise, and entered upon the records of the supreme master of exchequer," upon the proof of death and the surrender of this certificate.

The wife, Carrie, died before her husband, and he made no designation of any other beneficiary to receive the fund, except as contained in his last will. Before Perry died, but after the issuing of said certificate to him, the corporation made certain by-laws relating to the payment of benefit funds upon the death of a member; namely, that the fund shall be paid to the widow and children of the deceased, and if none, then to the father and mother and sisters and brothers, share and share alike, or he may name a party, at the time he becomes a member, to whom the money shall be paid at his death; if none of said persons are alive, then, after payment of the funeral expenses of deceased member, it shall be paid into the widow and orphans' fund.

The St. of 1882, *c.* 195, § 2, added to the classes, after the word "orphans," the words "or other relatives of deceased members."

Augusta F. Wallace, one of the defendants, claims these funds under the will of Samuel B. Perry. In this case, the contract contemplated the making of a will by Samuel. But, independently of the contract, the member could not make a testamentary disposition of these funds, as we have already seen. The will of Samuel, although it purported to bequeath these funds, did not in fact accomplish it. In this respect the will was void.

The defendant Augusta also claims that she was dependent upon Samuel. The Superior Court, as the report shows, found, as matter of fact, that she was not dependent upon him, and we have decided in the previous case, that, as matter of law, the facts do not warrant us in determining that she was dependent upon him.

Lydia A. Perry, one of the defendants, contends that she is entitled to part of these funds under the last will of Samuel. We have already passed upon this claim. She also asserts that she was within the class of persons, designated by the St. of 1877, c. 204, (Pub. Sts. c. 115,) and the St. of 1882, c. 195, to whom such benefit funds were payable, because she was the sister of Samuel. It is clear that sisters were not within any of the classes named in the statutes prior to that of 1882, which was approved on May 1, 1882. She would be included under this last statute among the "other relatives of deceased members" therein mentioned. But this statute passed in 1882 could not affect the contract entered into under the St. of 1877, which mentioned widows, orphans, or other dependents of deceased members as the only recipients of these funds, and could not deprive the person entitled to the funds thereby from possession of the same.

It was a question of fact to determine whether the by-laws of the corporation, including sisters of the deceased members as a class to receive the funds under certain conditions, were enacted after the amendment contained in the St. of 1882 took effect, and before the death of Samuel, in September, 1882. Before the St. of 1882 took effect, the St. of 1877 was in force, and the association formed under it could create funds only for the benefit of those classes named therein, and to those belonging to those classes alone could the benefit funds be paid. If the plaintiff corporation undertook to make by-laws in contravention

of the statute, they were *ultra vires*, and of no effect.  *Briggs* v. *Earl*, 139 Mass. 473.  The Superior Court has, in effect, settled the fact, by the final decree passed therein, that the by-laws creating the new class of beneficiaries were not enacted by the plaintiff corporation after the St. of 1882 took effect.  The facts relating to this matter are not reported.

From the time of the decease of his wife, Carrie E. Perry, to the time of his own decease, the report finds that Samuel B. Perry resided with the defendant Emily A. Morse, and " that she depended upon him to support her, if he was able and she was in need."  She had no property except real estate valued at about $1400, and furniture worth about $300.  We cannot determine from the report of facts that she was dependent upon him, or that she was ever in need.  This may depend upon many circumstances.  By the decree of the Superior Court, it must have been found by the presiding judge thereof that she was not dependent upon him.  This was a question of fact, to be determined by the Superior Court at the trial, and it is apparent that it was there determined in the negative.  This disposes of all the questions argued by the three defendants Wallace, Lydia A. Perry, and the administrator of Emily A. Morse.

By the will of Samuel B. Perry he gave various articles of personal property to several of the defendants, and at the time of his decease he left certain real estate.  The Superior Court has incorporated in its decree the following : " that the real estate should be sold, and the proceeds thereof applied to the payment of the debts, funeral expenses, and charges of administration."  Although all the parties to these proceedings have considered this decree as within the power and jurisdiction of the Superior Court, yet we think that this belongs exclusively to the Probate Court, to be there considered and passed upon.  This decree is in effect an order, determining what the Probate Court should adjudge under the facts stated.  This cannot be done by the Superior Court.

The cross bill proceeds upon the ground that the executor of the estate of Samuel B. Perry received these funds, amounting to $3000, not as assets of said estate, but in trust to pay the same over to the person entitled to receive them, that they were

wrongfully paid to him, and that he does not hold them as the executor of said Samuel. So far as the decree of the Superior Court relates to this sum, we think it should be affirmed.

*Decrees accordingly.*