# NETTIE PARKE

## v.

# L. C. WELCH AND SEYMOUR C. WELCH.

*Life Insurance—Certificate—Suit on—Beneficiaries—" Affianced Wife "—Interpleader—Constitution and By-Laws—Class Entitled to Benefit Named Therein—Failure to Designate Person Belonging Thereto.*

1. The naming of an " affianced wife " as the beneficiary in a certificate of a mutual benefit association, she remaining such until the death of the assured, does not operate to make her a dependent within the rules thereof.

2. The designation as a beneficiary of a person not included within the class to be benefited under the rules of such association, does not relieve it from payment to the proper person or persons of the amount involved.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

This case arises on a bill of interpleader filed by the Supreme Council of the Royal Arcanum, a corporation organized and existing under and by virtue of the laws of the State of Massachusetts, against appellant and appellees, who were respectively claiming the sum of $3,000 which was due from said Royal Arcanum upon a benefit certificate issued to W. D. Welch. Said W. D. Welch was a member of a subordi-

nate council of said Royal Arcanum, located at Chicago, and on the 22d of April he surrendered a certificate which had previously been issued to him, payable to his mother, and procured a new one to be issued to him, " payable to Mrs. Nettie Parke, affianced wife," which he delivered to appellant. On November 20, 1887, said W. D. Welch died at Waukegan, Illinois, in good standing, and satisfactory proofs of his death were made as required by the rules of the order.

Appellees are the brothers of said W. D. Welch, deceased, and they protested against the payment of the fund due under said certificate to appellant, as they claimed she was not entitled to the same under the constitution and laws of said corporation. The portions of the by-laws of said Royal Arcanum that relate to this matter of benefit funds and certificates are Sec. 2, Law III, of said order, as follows :

First. Each applicant shall enter upon his application the name or names and relationship or 'dependence of the 'members of his family or those dependent upon him to whom he desires his benefit paid, and the same shall be entered in the benefit certificate according to said direction.

Second. A benefit may be made payable to the following · classes of persons : Class 1st. To a member's wife, children, grandchildren, father, mother, grandparents, brother or sister. In every one of which cases no proof of dependency shall be required before the issuing of the benefit certificate. Class 2d. To any person who is dependent upon the member for maintenance (for food, clothing, lodging or education), in which case the written evidence of the dependency, within the requirements of the laws of the order, must be furnished to the satisfaction of the Supreme Council before the benefit certificate can be issued.

Third. No entry shall be made in any application or benefit certificate or otherwise permitting the designation by, or ascertainment by reference to, any will of the person or persons, trustees or beneficiaries to whom any benefit shall be payable, or the amount or share of any beneficiary. No will shall be permitted to control the appointment or distribution of, or the rights of any person to any benefits payable by this order.

Fourth.   A benefit certificate can not be made payable to a creditor, nor be held in whole or in part, nor assigned to secure any debt which may be owing by the member.   Any assignment of a benefit certificate by a member or beneficiary shall be void.

Fifth.   No benefit shall be made payable to any person or persons permanently residing outside the limits of the United States or Dominion of Canada.

Sixth.   No benefit shall be payable to a person or persons of the second class mentioned in Par. 2 of this section, unless the dependency therein required to be shown, exists at the time of the member's death, in which case proof of such dependency at the member's death shall be furnished in writing, to the satisfaction of the Supreme Regent, before payment of the benefit shall be made.   If at the time of the death of such member, the dependency shall have ceased, then the benefit shall be payable to the persons mentioned in class 1st, paragraph 2, of this section, if living, in the order of precedence as therein enumerated.   If no one of said class shall be living at the death of the member, the benefit shall revert to the Widows' and Orphans' Benefit Fund.

Section 3 of said Law III provides " that a member may, at any time when in good standing, surrender his benefit certificate, and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries as such member may direct in accordance with the laws of this order, upon the payment of fifty cents.   Said surrender and direction must be made in writing, signed by the member, and forwarded under seal of the subordinate council with the benefit certificate to the Supreme Secretary; parol evidence of intention or desire to change the beneficiary must be disregarded."

"The issuing of such new certificate shall cancel and render null and void any and all previous certificates issued to such member."

It was stipulated between the parties that certain designated chapters of the public laws of Massachusetts relating to the organization of benefit societies should be considered in evidence, and was further stipulated that L. C. Welch and

Seymour C. Welch were the brothers, next of kin and only heirs at law of said W. D. Welch, deceased, and that Nettie Parke was the affianced wife of said W. D. Welch at the time said certificate was issued, and that she was not actually dependent upon him, nor represented so to be within class second of Law III of the constitution and laws of the Royal Arcanum, either at the time the certificate was issued, or at the time of his death, otherwise than that he gave her occasional presents of clothing, jewelry, money, etc., up to the time of his death; and that said certificate was delivered to said W. D. Welch in the State of Illinois, and by him delivered to said Nettie Parke in the State of Illinois.

The court decreed the fund to appellees, and from such decree this appeal is prosecuted.

Messrs. CASE, JUDSON, HOGAN & BRADLEY, for appellant.

Messrs. ABBOTT & BAKER, for appellees.

MORAN, J.   The contention of appellant is that she is the person named in the certificate, as entitled to the fund; that the corporation having made the contract with the member, and it being executed on the one part, it would be estopped to deny its liability thereon (Benefit Associations v. Blue, 120 Ill. 121), and if not estopped, the corporation alone would have the right to set up its non-liability, and it having admitted liability by bringing the money into court, it should be paid to the person for whose benefit the certificate was issued.   Johnson et al. v. Van Epps, 110 Ill. 557.

The doctrine which is asserted as controlling the case, finds its most apt illustration in Knights of Honor v. Watson, 15 Atl. Rep. 125, recently decided by the Supreme Court of New Hampshire.   There the constitution of the order authorized the issuing of a certificate to a member payable " to some member or members of his family or person or persons dependent on him, as he may direct, or designate by name to be paid as provided by general law."

A part of a benefit was made payable to a person not of the

family and not dependent upon the member, and the other beneficiaries who were members of the family of the deceased objected to the payment of any of the sum to the person named. The corporation paid the money into court, and compelled the claimants of the fund to interplead, and the court held that if the direction to pay to the person who was neither one of the family nor dependent upon the member, was invalid, the benefit to that extent would lapse, if the corporation so elected, for want of a valid exercise of the power of direction; but that the question as to such validity could be raised by no one but the corporation, and it not having raised the question, but signified a willingness to have it paid to the party named, and no other person having any right to object or interest in the money, it should be paid to said person. The features which distinguish this case from Knights of Honor v. Watson, and from the cases decided by our Supreme Court are to be found in the constitution and laws of the Royal Arcanum, and in the construction which has been given by the Massachusetts Supreme Court to the statute under which said corporation is organized.

In American Legion of Honor v. Perry, 140 Mass. 580, that court said: "The statute under which the plaintiff corporation is organized, gives it authority to provide for the widow, orphans or other persons dependent upon deceased members, and further provides that such fund shall not be liable to attachment. The classes of persons to be benefited are designated, and the corporation has no authority to create a fund for other persons than of the classes named. The corporation has power to raise a fund payable to one of the classes named in the statute, to set it apart to await the death of the member, and then to pay it over to the person or persons of the class named in the statute selected and appointed by the member during his lifetime, *and if no one is so selected, it is still payable to one of the classes named.*"

The object of the organization of the Royal Arcanum, so far as it had regard to a benefit fund, is stated in the bill to be, "To establish a widows and orphans' benefit fund, from which, on the satisfactory evidence of the death of a member

of the order who has complied with all its lawful require-
ments, a sum not exceeding $3,000 shall be paid to his family,
or to those dependent upon him as he may direct."

According to the constitution of the order which is in the
record, every member of the order is required to pay assess-
ments to the widows and orphans' benefit fund, rated ac-
cording to the member's age, and it is provided in Sec. 2, Law
I, that "there shall be paid on the death of every member
who is in good standing and not under suspension for any
cause at the time of his decease, the following amounts: For
a full rate member, $3,000; for a half rate  member $1,500."

Section 2, Law III, set out in the statement of facts, directs
the manner in which a member shall designate the  particular
person of his family or those dependent upon him to whom
he desires his benefit paid, and if it is to be made payable to
one of the dependent class, requires that written evidence of
the dependency (for food, clothing, lodging or education)
shall be furnished to the council before the certificate shall be
issued.    The sixth clause of said Sec. 2 forbids payment to
any person of the second or dependent class named in a cer-
tificate unless the dependency required exists at the time of
the member's death, and "if at the time of the death of such
member the dependency shall have ceased, then the benefit
shall be payable to the persons mentioned in class 1st," if liv-
ing, in the order of precedence as enumerated.

Consideration of the various sections of the constitution, in
connection with the statute of Massachusetts as construed,
leads to the conclusion that the designation of a person, in the
benefit certificate, who does not belong to one of the classes
named, does not operate to relieve the corporation from pay-
ment of the benefit, if persons are in existence belonging to
the classes for whom the fund is established.    The designa-
tion may be invalid, but the benefit will not lapse.    Naming
a person outside any class, is the same in legal effect as select-
ing no particular person, and in such case, as we have seen, the
fund is payable to one of the classes named.    The person named
is not defeated by the doctrine of *ultra vires* because the
fund is by the law payable at all events if persons belonging

to the class who may take are in existence, and the doctrine of estoppel can not be invoked against the corporation, for it admits its liability and pays over the fund, and it must go to the persons of the class for whom it was created for the reason that it was not in the power of the member to divert it to a person not within the classes named. Rockhold v. Canton, Mass., Mut. Ben Ass'n, 19 N. Y. Rep. 710; American Legion of Honor v. Perry, *supra;* Elsey v. Odd Fellows Mutual Relief Ass'n, 142 Mass. 224; Daniels v. Pratt, 143 Mass. 216.

It is suggested that the naming of appellant in the benefit certificate was a practical determination by the corporation that an affianced wife was a dependent, and that, as she remained his affianced wife till death, the benefit is payable to her under the rules of the association. This is but an attempt to apply the doctrine of estoppel. But the proposition is not true in law, for the Massachusetts court has decided that " the mere engagement to marry imposed no obligation upon him, except to carry out his contract with her. Their mutual promise to marry did not in any sense, by itself, make her dependent upon him," (American Legion v. Perry, *supra,*) nor true in fact, for the parties have stipulated that, at the time said certificate was issued, she was not dependent upon him, nor represented so to be.

In determining the rights of parties under certificates in these benefit associations, the policy of the State in which the association is organized must be kept in view, and regard must be had to the limitations placed by the constitution of the society and the statute upon the power of members to designate beneficiaries. " Where the power is special it must be exercised within the restrictions imposed by the terms of its creation, which are contained in the charter and by-laws, as modified by statute." Bacon, Benefit Societies, Sec. 244.

Where the beneficiaries are prescribed by law, it is an evasion of its policy and a violation of its letter to say that where a member has named a person not within the class to be benefited, and the corporation has issued the certificate to

such person, such acts shall deprive the proper person or class of persons of all right to or interest in the fund. As said by the Supreme Court of Kentucky, "where the charter prescribes who shall be the beneficiaries of the membership after the death of the member, it is not in the power of the company or of the member, or of both, to alter the rights of those who by the charter are declared to be the beneficiaries, except in the mode and to the extent therein indicated."

However apt and just the rule in Knights of Honor v. Watson may be, therefore, in a case where the fund should lapse, and no persons have any interest in it, and where it, if not paid to the person named in the certificate, would not be paid at all, we are of opinion that such rule has no proper application in the case now under consideration.

The decree of the Superior Court is right, and will, therefore, be affirmed.

*Decree affirmed.*

GARY, J., dissenting. My view of this case is that the appellant is entitled to the money in controversy.

The Supreme Council of the Royal Arcanum having paid the money into court, to be paid to one or the other of these parties, no question as to the obligation of the council to pay it is in the case. Knights v. Watson, 15 Atl. R. 125.

On the face of the certificate it is payable to the appellant. Her legal title can only be avoided by showing a superior right in the appellees. If it were now a question whether the certificate was properly issued, payable to her, it would be a strong argument in her favor, that the council, having given a practical construction to their own law, by issuing such certificate payable to her, upon the hypothesis that an "affianced wife" was properly included in class 2, without any further proof of dependency than what was implied from that relation, and that relation not having ceased at the time of the death of W. D. Welch, and he having paid all his dues and assessments up to the time of his death, upon the promise of the council to pay her, the council is estopped to deny that the state of facts upon which they issued the certificate is

sufficient to entitle her to require them to perform the promise on the faith of which they receive such dues. Benefit Ass'n v. Blue, 120 Ill. 121. She was the object of the solicitude of W. D. Welch.

The lot of most women, in most of the relations of life is a dependent one. The future of a woman engaged to be married depends very greatly upon the man to whom she is affianced. It is doing no violence to the language which described class 2, to include within it, not only those to whom the member at the time the certificate is issued is furnishing food, clothing, lodging or education, but also those with whom he has such existing relations, that acting in good faith, he thereafter will so furnish them.

In the case of Supreme Council v. Perry, 140 Mass. 580, the council was no party to the designation of the lady as the beneficiary. The council there was bound to pay somebody upon a certificate, as to the validity of which there was no question, and had had no part in the selection of any individual as beneficiary. It is true that the court there held a by-law of the council, under which she was entitled to take, invalid, as contravening their statute, under which the council was organized. In a proper case, it would be a serious question whether the rights of citizens of Illinois, under contracts made in Illinois, to be performed in Illinois, are to be affected by statutory provisions of which they are ignorant, in another State.