SUPREME COUNCIL AMERICAN LEGION OF HONOR

*v.*

HANNAH A. SMITH and THOMAS F. SMITH.

1. Where the common law is in force a divorce *a mensa et thoro* does not change the property rights of the parties; its only effect is to compel the parties to live apart, and to deprive the husband of his control over his wife.

2. A divorce from the bond of matrimony puts an end to any right which either has acquired in the property of the other by the marriage, unless its effect is restrained by statute.

3. Where a corporation is organized under a statute authorizing the formation of corporations to accumulate a fund to be paid to the widows and children of deceased members, neither the corporation, nor a member, nor the two combined, can divert any part of the fund from those for whose benefit it was accumulated.

4. A contract made by a benevolent corporation with a member cannot be enlarged or changed except by the consent of both contracting parties.

5. Where the contract made by a benevolent corporation with a member provides that the member shall not change his beneficiary without the surrender of his certificate, and the consent of the corporation, the beneficiary cannot be changed except in the manner provided for in the contract.

---

On hearing pursuant to a decree that the defendants interplead and settle their right, in this court, to the fund brought into court by the complainant.

American Legion of Honor *v.* Smith.

*Mr. William B. Guild,* for Hannah A. Smith.

*Mr. Chandler W. Riker,* for Thomas F. Smith.

Van Fleet, V. C.

The complainant is a corporation organized under statutes of Massachusetts, authorizing the formation of corporations to raise a fund " for the purpose of assisting the widows, orphans or other persons dependent upon deceased members." Assistance is extended to persons of the classes named by giving such persons as become members of the corporation the right to appoint or designate which of them shall take, on his death, the sum payable on the death of a member. When the complainant was organized as a corporation, the only persons who could be appointed as beneficiaries of a member were his widow, his children or other persons dependent upon him. By a statute passed in 1882 another class was added, namely, relatives of a deceased member, so that, after the statute of 1882 took effect, it was within the power of corporations like the complainant, formed under the laws of Massachusetts, to raise a fund " for the purpose of assisting widows, orphans or other relatives of deceased members, or persons dependent upon deceased members." *Supreme Council American Legion of Honor* v. *Perry, 140 Mass. 580, 591; Massachusetts Foresters* v. *Callahan, 146 Mass. 391.*

M. Henry Smith became a member of the complainant corporation in March, 1884. By the certificate of membership issued to him, the complainant bound itself to pay, out of its benefit fund, on satisfactory proof of his death, and on the surrender of the certificate, to his wife, Hannah A. Smith, a sum not exceeding $5,000, provided he was in good standing in the order at the time of his death, and provided also, that the certificate had not been surrendered and another issued in its place in accordance with the by-laws of the corporation. The proofs show that Smith became a member of the complainant corporation at the request of his wife, under an arrangement by which she made a will·in his favor, and he, in return, obtained the certificate of membership for her benefit, and also, that she paid his

initiation fee and all, or nearly all, of the moneys which were subsequently paid to preserve his membership. The certificate was delivered to his wife soon after it was obtained, and she has had possession of it ever since. Neither at the time when Smith became a member, nor during his membership, did the constitution or by-laws of the complainant corporation give a member power to appoint any person but a member of his family or a dependent on him, as his beneficiary. The constitution, in stating the object of the corporation, says, that it is to establish a benefit fund, from which there shall be paid, on the death of a member, a sum not exceeding $5,000, to the family, orphans or dependents, as the member may have directed. The by-laws, defining the power of members, provide, *first,* that an applicant for membership shall enter on his application the name of the member of his family, or of those dependent on him, to whom he desires his benefit paid, and the name of such person shall be entered in the benefit certificate, subject to such future change, among his dependents, as he may thereafter direct; *second,* that a member may, at any time when in good standing, surrender his benefit certificate and have a new one issued, payable to such beneficiary, dependent upon him, as he may direct, and, *third,* that no act of any member, done for the purpose of changing his beneficiary, shall entitle the new beneficiary to any benefit, unless such act shall be in strict accordance with the laws of the corporation, nor until such act shall have been ratified and approved by the corporation. Another by-law provides, that, on proof of the death of a member, an order shall be drawn by the secretary of the corporation, on its treasurer, in favor of the person named in the benefit certificate, and delivered to such person on the surrender of the certificate.

Smith and his wife were divorced from bed and board on the 12th day of April, 1888, by the decree of this court, at the suit of the wife, for extreme cruelty, and he was ordered to pay her alimony. During the latter part of April or early in May, 1888, Smith asked his wife to surrender to him the certificate issued by the complainant. She refused to do so, stating, that as she had furnished all the money paid on the certificate, she consid-

ered that she was the person to whom the money mentioned in the certificate ought to be paid in case of his death. On the 21st of June, 1888, Smith made a written application to the complainant to change his beneficiary from his wife to his brother, Thomas F. Smith, stating that he was unable to surrender his certificate, because the beneficiary named in it refused to give it up for cancellation, but he made his application in order to do all he could to effect a change in his beneficiary. The complainant, on the 16th of July, 1888, notified Smith that it would not issue a new certificate, payable to his brother Thomas, stating that, under the circumstances, it would be necessary that the old certificate should be surrendered before a new one could be issued. Smith died on the 21st day of July, 1888. His widow made proof of his death, and demanded payment of the sum which became payable by his death. Thomas F. Smith made a like demand, and the complainant then filed the bill in this case and paid the sum in dispute into court. A decree that the defendants interplead and settle, in this court, their right to the fund in question, by proceeding to hearing on the answers by them respectively filed to complainant's bill, has been made by consent.

The question to be decided is, which of the defendants, Hannah A. Smith or Thomas F. Smith, is entitled to the money in court? Hannah is the widow of M. Henry Smith, deceased. The decree of divorce *a mensa et thoro* did not dissolve their marriage bond. Though separated by the decree from his bed and board, Hannah still remained the wife of M. Henry Smith, and retained all the property rights incident to that relation to him, and on his death she became his widow, and as such succeeded to all the rights in his property which the law gives a widow in the property of her husband on his death. A divorce *a mensa et thoro* does not, where the common law has not been changed by statute, change the relation of the parties as to property. Its only effect, where the common law prevails, is to compel them to live apart, and to deprive the husband of his control over his wife. *2 Bish. Mar. & D.* §§ *729, 730.* But a divorce from the bond of matrimony affects the property rights of both parties. A divorce of that kind puts an end to any right which

either has acquired in the property of the other by the marriage, unless its effect in that regard is restrained by statute. *Barrett* v. *Failing, 111 U. S. 523;* *Tyler* v. *Odd Fellows Relief Association, 145 Mass. 134.* There can be no doubt, then, as Hannah became the widow of M. Henry Smith on his death, that she possessed the requisite qualification, both according to the terms of the contract made by her husband with the complainant corporation and the established law on this subject, to acquire a right to the money in question. For the law is settled, that it is not within the power of either a member of such a corporation, or of the corporation itself, or of the two combined, to divert any part of the fund raised or accumulated for the benefit of the beneficiaries named in the statute under which the corporation is organized, to any other person, or to apply it to any other purpose than that authorized by such statute. That is to say, where a corporation is organized under a statute authorizing the formation of corporations to accumulate a fund to be paid to the widows and children of deceased members, the corporation can only pay the fund to the widows and children of deceased members, and if it should make a promise to pay any part of it to any other person, its promise would be void. Its promise would not only be *ultra vires,* but in direct contravention of the purpose of the statute from which the corporation derived both its corporate existence and power. And a member of such a corporation is equally powerless to divert from its appointed channel that part of the fund of the corporation which becomes payable on his death. The cases on this subject are uniform and decisive. *Supreme Council American Legion of Honor* v. *Perry, 140 Mass. 580;* *Elsey* v. *Odd Fellows Relief Association, 142 Mass. 224;* *Tyler* v. *Odd Fellows Relief Association, 145 Mass. 134; Skillings* v. *Massachusetts Benefit Association, 146 Mass. 217; Massachusetts Foresters* v. *Callahan, 146 Mass. 391; Hellenberg* v. *Independent Order of B'nai Berith, 94 N. Y. 580.*

From the foregoing statement it would seem to be entirely clear that Hannah is entitled to the fund in question, unless the attempt made by M. Henry Smith, in June, 1888, to change his beneficiary was effectual to make his brother his beneficiary in-

stead of his widow. I think it is also perfectly clear that a brother of Smith, who was not dependent on him, and not a member of his family, could not become his beneficiary, under his contract with the complainant, unless the complainant agreed that he might. The brother, whom M. Henry attempted to make his beneficiary, was not dependent on him, nor a member of his family. They were children of the same parents, but not members of the same family in the sense in which that word is used in the contract under consideration. The contract between the complainant and Smith is to be found in the certificate of membership issued to Smith and in the constitution and by-laws of the complainant. When the complainant first acquired corporate existence, its power over its benefit fund was limited to making contracts to pay the fund to the widows and orphans of deceased members and other persons dependent on deceased members. As already stated, its power was enlarged in 1882 so as to give it capacity to make contracts to pay its fund to other relatives of deceased members, besides widows and orphans. But in making its contract with M. Henry Smith, it did not exercise this enlarged power. It never, so far as appears, made a contract with any of its members to pay to any but persons belonging to such member's family or those dependent on him. Those are the only persons mentioned in the contract made by Smith with the complainant, and whom, by its terms, Smith had a right to designate as his beneficiaries. The complainant undoubtedly had capacity, when it made the contract in question, to agree to pay other relatives of Smith than those constituting his family, but the question is not what contract the complainant might have made, but what contract did it make? In my judgment, M. Henry Smith had no right or power, under his contract, to appoint his brother Thomas his beneficiary without the consent of the complainant, and, as it appears that the complainant refused to assent to such appointment, it must be held that Thomas has no right to the fund in question.

But it must also be said, that if M. Henry Smith's appointee had been a person belonging to some one of the classes of bene-

ficiaries mentioned in the contract, still, the appointment he attempted to make in this case would have conferred no right on his appointee, because his appointment was never approved by the complainant. It will be remembered that one of the complainant's by-laws expressly declares, that no act of a member, done for the purpose of changing his beneficiary, shall entitle the new beneficiary to any benefit, unless such act is in strict accordance with the by-laws of the corporation, nor until such act has been ratified and approved by the corporation. This by-law constitutes a material part of every contract made by the complainant with a member. Its obvious design is to keep the complainant constantly informed as to whom it will be liable, in case of the death of the member, and thus prevent it from being subject to litigation by adverse claimants, and the consequent waste of its benefit fund. There can be no doubt about the power of the complainant to make such a regulation, nor that a proper regard for the best interest of its members requires that it should be faithfully observed. A new certificate should not be issued until the one first issued has been surrendered, or such evidence furnished respecting its invalidity as renders it tolerably certain that it will not be made the basis of a future suit. The best considered cases on this subject are uniform in holding that the by-law above recited constitutes an essential part of contracts like the one under consideration, and that no person can successfully assert a right to the fund, payable on the death of a member, unless he can show that he has been appointed the beneficiary of such member in the manner required by the contract, and that, in cases where the contract requires the assent of the corporation to his designation, he will acquire no right to the fund unless such assent be given. *Daniels* v. *Pratt, 143 Mass. 216; Vollman's Appeal, 92 Pa. St. 50; National Mutual Aid Society* v. *Lupold, 101 Pa. St. 111; Supreme Lodge Knights of Honor* v. *Nairn, 60 Mich. 44; Hotel-Men's Mutual Benefit Association* v. *Brown, 33 Fed. Rep. 11.*

Inasmuch as the right of Hannah to the fund in question seems to me to be clear on other grounds, I have not thought it necessary to discuss the question, whether or not her husband,

in view of the facts of this case, had the right, as against her, to appoint another person his beneficiary until he had first re-imbursed her for her outlay in the purchase of his certificate of membership and the payments she subsequently made to preserve his standing as a member of the complainant corporation. At first view it would seem to be unjust that he should be permitted to make a gift to another of the benefit her money purchased, except on condition that he first re-imbursed her for such outlay.

A decree will be made directing the payment of the fund to Hannah. She is also entitled to costs.