ELLEN STAKE

*v.*

JOHN EDWARD STAKE.

*Opinion filed October 23, 1907.*

1. BENEFIT SOCIETIES—*benefit certificate fund is not assets of estate.* The fund arising from a benefit certificate is not assets of the estate of the deceased but goes directly to the beneficiary named therein, and is not payable to the deceased or for his benefit nor is it subject to his debts.

2. SAME—*subsequent marriage of member does not affect rights of beneficiary.* Subsequent marriage of a member of a benefit society without changing the beneficiary named in the certificate as originally issued does not affect the certificate or the rights of the beneficiary.

3. SAME—*public policy is not violated by permitting stranger to be designated as beneficiary.* No principle of public policy is violated by permitting a member of a benefit society to designate a stranger as his beneficiary, even though the member may leave a wife or other relatives.

4. SAME—*when beneficiary named is entitled to funds.* Where a member of a benefit society organized under the general Incorporation act of 1872 as a corporation not for pecuniary profit, for the purpose of assessing death benefits to be paid to the widow, orphans and devisees of deceased members, names his brother as beneficiary and subsequently marries and dies without changing the beneficiary, the brother is entitled to the fund notwithstanding the deceased leaves a wife and practically no estate.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

On July 12, 1900, the Independent Order of Svithiod, a fraternal beneficiary society, issued a membership certificate to Alfred Stake, who was then unmarried, for $1000, payable upon his death to his brother, the appellee. Soon after, Alfred Stake married appellant and subsequently died, never having made any effort to change the beneficiary named in the certificate. Appellant demanded payment of the money to her, and the society thereupon filed its bill of interpleader in the superior court of Cook county admitting its liability on the certificate and offering to pay the money into court for the person entitled thereto. Appellant and appellee having answered the bill, the society paid the money into court and was dismissed out of the case. A hearing was had upon an agreed statement of facts and a decree entered awarding one-half the fund to each party. Appellee appealed to the Appellate Court. Cross-errors were assigned, and that court reversed the decree and remanded the cause, with directions to enter a decree awarding the entire fund to the appellee here, John Edward Stake. This appeal is prosecuted.

FRANCIS A. McDONNELL, for appellant.

ROSENTHAL & HAMILL, and RAY & PEASE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The value of Alfred Stake's estate, exclusive of the fund in controversy here, did not exceed $100. The widow's award was fixed at $1200. Appellant's contention is, that the appellee was not a devisee of Alfred Stake and was not eligible as a beneficiary; that the fund is a part of the estate of Alfred Stake, subject to a trust for the benefit of the beneficiary whom he may last designate, and that it is

against public policy to permit a member of a mutual benefit society to designate as a beneficiary one having no legal claim upon him, to the exclusion of his widow and orphans, when he dies having made no provision for them and leaving no estate.

The society was organized under the general Incorporation act of 1872 as a corporation not for pecuniary profit, for assisting its members when sick, for educational and social purposes, and "upon the death of a member to levy an assessment upon every member of an amount to be established by the by-laws afterwards to be enacted, said amount to be paid to the widow, orphans and devisees of such deceased members."

That the designation of the brother as the beneficiary in the certificate, though not by will, is valid and binding and entitles him to receive the fund mentioned in the certificate is not open to question in this court. (*Delaney* v. *Delaney*, 175 Ill. 187; *Moore* v. *Guaranty Fund Life Society*, 178 id. 202; *Martin* v. *Stubbings*, 126 id. 387; *Bloomington Mutual Benefit Ass.* v. *Blue*, 120 id. 121.) These cases also decide that no principle of public policy is violated by permitting one having a certificate of the character of the certificate in this case, even though he has a wife or other relatives, to designate a stranger as beneficiary therein. A subsequent marriage does not affect the certificate or the rights of the beneficiary therein. (*Highland* v. *Highland*, 109 Ill. 366; *Benton* v. *Brotherhood of Railroad Brakemen*, 146 id. 570.) The fund is not assets of the estate of the deceased. It goes directly to the beneficiary, and is in no event payable to the deceased or for his benefit and is not subject to his debts.

The appellee, as the beneficiary named in the certificate, the designation of such beneficiary never having been revoked or changed, was entitled to the fund, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*