GREEN et al. v. GRAND UNITED ORDER OF ODD FELLOWS et al.

(Court of Civil Appeals of Texas. Austin. May 24, 1911.)

1. INSURANCE (§ 770*)—MUTUAL BENEFIT INSURANCE — RIGHT TO DESIGNATE BENEFICIARY—"BENEFIT CERTIFICATE."

Acts 26th Leg. c. 115, § 1, defines a fraternal benefit association, and section 5, subds. 1, 23, 24, requires such associations to make an annual report, stating the number of certificates issued, thus recognizing the right of such associations to issue benefit certificates. Section 1 further provides that payment of death benefits shall be to the families, heirs, blood relatives, affianced husband or wife, or to persons dependent upon the member at the time of his death, and that, should there be no one of the classes mentioned capable of taking the benefit, it shall pass as provided by the laws of the association. Held that, as it must be presumed that the Legislature used the expression "benefit certificate" as meaning a written obligation to pay the person therein named the amount specified upon the conditions therein stipulated, and knew that it was the duty of the courts to enforce such contracts unless restricted by statute, and that it had been their universal custom to pay the benefit to the person named therein if he belonged to any one of the classes named, the last-mentioned provision of such act merely names the classes from which the insured may select his beneficiary, and is not a law of descent and distribution, requiring the benefit to be paid to such classes of persons in the order in which they are named; and where a member designated his father and mother as beneficiaries, and the certificate was payable by its terms to them, they were entitled to the benefit, though the member left a wife and child constituting his "family."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1933, 1937; Dec. Dig. § 770.*]

2. INSURANCE (§ 774*)—MUTUAL BENEFIT INSURANCE—BENEFICIARY—CHANGE.

In the absence of any statutory provision to that effect, where the father and mother of a member of a benefit society were designated

as beneficiaries, his subsequent marriage did not change the beneficiary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1940; Dec. Dig. § 774.*]

Appeal from Fayette County Court; George Willrich, Judge.

Bill of interpleader by the Grand United Order of Odd Fellows against Tom Green and others. From a judgment in favor of defendant Clara Green, defendants Tom Green and another appeal. Reversed and rendered. Certified questions answered by Supreme Court (163 S. W. 1071).

H. S. Morehead, of Franklin, for appellants. John T. Duncan, of La Grange, for appellee Clara Green.

JENKINS, J. Appellee, the Grand United Order of Odd Fellows filed its petition in the county court of Fayette county, alleging that it was a fraternal insurance association; that it issued to one Oscar Green, in his lifetime, a benefit certificate for $500, payable to Tom and Amanda Green, the father and mother of said Oscar Green; that, subsequent to the issuance of said certificate, Oscar Green married Clara Green, and that to said marriage a child was born; that Oscar Green died while a member in good standing in said order, and that said order, in ignorance of the fact of said marriage, had paid to Tom and Amanda Green the sum of $250, and was ready and willing to pay the remaining $250 to the party or parties entitled thereto; that said Clara Green was claiming that she was the legal beneficiary of said certificate by reason of her marriage, which claim was denied by said Amanda and Tom Green, and that said order was in doubt as to whom said payment should be made, wherefore it prayed that said parties be required to interplead in said cause, and that it be permitted to deposit said $250 in the registry of the court for the benefit of the parties legally entitled thereto, and that it be permitted to retire from said case and recover its costs.

### Findings of Fact.

The case was tried before the court, which, at the request of the parties, filed the following findings of fact, which we adopt as our findings of fact herein:

"(1) That the Grand United Order of Odd Fellows is an incorporation duly incorporated under the laws of the state of Texas as a fraternal beneficiary association, and was formed and carried on for the sole benefit of its members and their beneficiaries, and not for profit; that one Oscar Green was at the time of his death a member in good standing of said Grand United Order of Odd Fellows, and that he carried a policy of insurance in said order in favor of his father and mother, Tom and Amanda Green, for the sum of $500; that at the time the said Oscar Green became a member of said order, and at the time of

the issuance of said beneficiary certificate in favor of said Tom and Amanda Green, he was a single man and had no family; that, after the issuance of the said beneficiary certificate in favor of Tom and Amanda Green as aforesaid, the said Oscar Green was duly and legally married to the defendant Clara Green, and that at the time of his death he was living and cohabiting with the said Clara Green as his wife; that there was born to the said Oscar Green and Clara Green one child; and that the said Clara Green and the said child of said marriage constituted the family of the said Oscar Green at the time of his death. Said beneficiary certificate in favor of Tom and Amanda Green was never changed by the said Oscar Green, but that the same was in full force and effect in favor of said Tom and Amanda Green at the time of the death of said Oscar Green.

"(2) That after the death of the said Oscar Green the Grand United Order of Odd Fellows paid to the defendants Tom and Amanda Green the sum of $250 on said beneficiary certificate before it knew or was advised of the fact that the defendant Clara Green was making claim to the proceeds of said benefit certificate for herself and child.

"(3) That said Grand United Order of Odd Fellows, after being advised of the adverse claim of defendant Clara Green, did on the 11th day of October, 1909, pay the sum of $250, the same being the balance due on said benefit certificate, into the registry of this court, and did file a bill of interpleader against the defendants Tom Green, Amanda Green, and Clara Green, praying that they and each of them be cited to appear and answer said bill of interpleader, and that the court determine to which of said defendants it should pay the sum of $250.

"(4) That defendants Tom and Amanda Green claim the said sum of $250, the same being the balance due on said benefit certificate by reason of the fact that said benefit certificate was issued in their favor and was so standing at the time of the death of the said Oscar Green; that the defendant Clara Green claimed said sum of money and prayed for judgment against defendants Tom and Amanda Green for the sum of $250, that being the amount heretofore paid to them by said Grand United Order of Odd Fellows, by reason of the fact that she was the lawful and wedded wife of said Oscar Green at the time of his death and was so living with him at the time of his death; and that she, together with the child of herself and the said Oscar Green, constituted the family of the said Oscar Green.

"(5) That this said cause was submitted to the court on the general demurrers of Tom and Amanda Green to the petition of the Grand United Order of Odd Fellows and to the petition of the defendant Clara Green, depending upon the court's construction of the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

laws of the state of Texas relating to fraternal beneficiary associations, as passed by the Legislature of 1899, and it was agreed that upon the court's construction of said law, tested by the defendants Tom and Amanda Green's general demurrers to the petition of the Grand United Order of Odd Fellows and petition of defendant Clara Green, this suit shall be determined.

"(6) That, if the court should sustain Tom and Amanda Green's general demurrers, then a judgment should be rendered for said defendants Tom and Amanda Green for the said sum of $250, but, if the court should overrule said demurrers, then and in that event its judgment should be in favor of Clara Green against said Grand United Order of Odd Fellows for said sum of $250, and against the defendants Tom and Amanda Green for $250 heretofore collected by them from the said Grand United Order of Odd Fellows."

Judgment was entered for Clara Green against said order and against Tom and Amanda Green for the $250 deposit, and against Tom and Amanda Green for the $250 which had been paid to them.

## Opinion.

[1] The view of the trial court, which is here insisted upon by appellee, Clara Green, as being correct, may be seen from the following conclusions of law filed by said court:

"No. 1. The court is of the opinion that the statute of 1899, passed by the Legislature of Texas governing fraternal beneficiary associations, constitutes the law of descent and distribution as it relates to the benefit fund of the association, and that the benefit fund must go to the person or classes of persons designated in that law, and in the order in which they are designated. That the laws and rules of the association can have no effect or control in the descent and distribution of this fund, unless the deceased member dies without a family, heirs, blood relatives, affianced husband or wife, or persons depending upon him.

"No. 2. The court is of the opinion that the Legislature in passing this act did not intend to give the deceased member the right to divert or change the priority and order of the distribution of this fund."

We are unable to concur in this view of the law. It is the office of courts not to make contracts for parties, but to enforce those made by them. A benefit certificate is a written contract. The certificate issued in this case is a contract whereby the insurance order bound itself, upon certain conditions, which have been complied with, to pay, not to Clara Green, but to Thomas and Amanda Green, the sum of $500. Why should it be relieved from its obligation by paying this sum to some one else? Or why should it be compelled to pay this sum to some one else, to whom it never promised to pay anything?

There are exceptions to the rule that courts will enforce contracts as made, such as incompetency of the parties to contract, want or failure of consideration, that the contract is contrary to good morals or public policy, or against the law. It is claimed by appellee Clara Green that the latter exception exists in this case. This contention involves the consideration of the only issue in this case, and that is the proper construction of article 2542a, R. S. (Acts of 1899, p. 195). This act recognizes the right of fraternal beneficiary associations to issue benefit certificates. Sections 1 and 5, subds. 1, 23, and 24. The Legislature is presumed to have meant, unless the contrary appears from the act itself, what is usually meant by the expression "benefit certificate," viz., a written obligation to pay the person therein named the amount specified in the certificate, upon the conditions therein stipulated. It is presumed to have known that it was the duty of courts to enforce such contract, unless restricted by said act. They did restrict said contract in said act to the extent that "payments of death benefits shall be made to the families, heirs, blood relatives, affianced husband or wife, or to persons dependent upon the member at the time of his death," if any such there be. We cannot agree that this clause of the statute is a law of descent and distribution. On the contrary, we think its purpose is to name the classes from which the insured may select his beneficiary. If this had been intended as a law of descent and distribution, we think the Legislature would have followed our statute on that subject in making it plain that the parties were to inherit or receive the benefits in the order named.

The Legislature is presumed to have known that limitations substantially the same as used in this statute had long been in use in the constitution and by-laws of fraternal insurance societies, notwithstanding which it had been the universal custom of such societies to pay the policy to the person named therein, provided such person belonged to one of the classes named. Many states had passed laws regulating fraternal insurance prior to the passage of this act by the Texas Legislature, in which the parties who might receive the benefit of such insurance were named, sometimes with less and sometimes with greater restrictions as to classes than in our statute. Many decisions as to benefit certificates had been rendered, and yet, so far as we are aware, in every instance such language had been treated by the courts, not as a statute of descent and distribution, but as a designation of the classes from whom the insured might select his beneficiary. All of this is presumed to have been known to the Texas Legislature, and, had it intended that this statute should have received a different interpretation, it doubtless would have made such intention manifest.

We do not mean, by the reference above made to the numerous cases arising under statutes of this character, that the point in issue has been often decided. On the contrary, it seems generally to have been taken for granted and not questioned, and hence the language of the courts may, in most such instances, be said to be dicta. Such is the case of Knights of Pythias v. Mackey, 104 S. W. 907, wherein the court used the following language: "He (the insured) has the right to choose a member of either class named in the statute as the beneficiary." In Gray v. W. of W., 47 Tex. Civ. App. 614, 106 S. W. 177, section 3 of the constitution of that order, which uses language substantially the same as our statute, is treated as designating "the class of beneficiaries who may participate in the beneficiary fund." In Dennis v. M. B. of A., 119 Mo. App. 216, 95 S. W. 969, 970, the statute provided that "payments of death benefits shall be made to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon, the member." The court said, "The power of appointment of beneficiaries, within the class recognized by the statute, rested exclusively with the member." In U. F. League v. Walton, 109 Ga. 1, 34 S. E. 321, 46 L. R. A. 424, 77 Am. St. Rep. 350, referring to statutes similar to ours, the court said: "The law which provides for the organization of a benefit society usually specifies the classes of persons who may be made beneficiaries of the insurance." In Menovsky v. Menovsky, 19 Pa. Super. Ct. 431, which was a contest between a brother and the wife of the deceased, the brother having been named as the beneficiary in the certificate, the court said: "Unless the words of the charter are clearly prohibitive, the contract must be carried out." If there is any decision of any court that treats language similar to that used in our statute as anything other than the designation of the classes from which the insured must select the beneficiary, appellee has not called the same to our attention, and our research has not enabled us to discover the same.

[2] 2. In the absence of anything in the statute to that effect, the subsequent marriage of the insured would not have the effect to change the beneficiary in the certificate. Sheehan v. Butchers' Pro. & Benev. Ass'n, 142 Cal. 496, 76 Pac. 240, is on all fours with this case in this regard; the insured having designated his mother as his beneficiary, and afterwards married. In that case the court said: "As the designation of his mother was therefore valid when it was made, and was not changed by Sheehan in his lifetime, it remained valid at his death, and gave her the right to receive the endowment fund." In Foresters v. Callahan, 146 Mass. 394, 16 N. E. 17, the court said:

"The deceased member had a right to designate as the beneficiary of the fund any person coming within the statutory provisions which enumerates those who may be designated. * * * This was not revoked by the subsequent marriage of John J. (the insured), and his mother, Mrs. Callahan, is now entitled to receive the fund of $1,000."

For the reason that the trial court erred in rendering judgment against appellants, said judgment is here reversed, and the judgment which should have been rendered is now here rendered, to wit: That the appellee Mrs. Clara Green take nothing by her intervention, and that appellants recover of the appellee the Grand United Order of Odd Fellows the $250 of the beneficiary certificate remaining unpaid. The said order will be allowed its costs against the other parties hereto.

Reversed and rendered.