## DETERMINATION AS TO BENEFICIARY.

Common Pleas Court of Hamilton County.

CLARA L. JOHNSON v. POLICEMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF CINCINNATI.

Decided, June 22, 1912.

*Beneficial Insurance—Brothers of a Policeman Distinguished as His Beneficiaries—Designation Not Revoked by Subsequent Marriage—And Court Without Authority to Order the Fund Paid to the Widow.*

The designation by an unmarried man of his brothers as beneficiaries of a fund payable as his death by a mutual benefit association is not invalidated or revoked by his subsequent marriage. *Brotherhood of Railway Trainmen* v. *Taylor*, 9 C.C.(N.S.), 17, distinguished.

*Johnson & Levy,* for plaintiff.
*Jos. W. Conroy,* for Policemen's Benevolent Association.
*Geo. H. Kattenhorn,* for Arthur, John and Charles Johnson.

GORMAN, J.

This is an action brought by Clara L. Johnson, the widow of Clifford Johnson, who died December 12, 1911, in the city of Cincinnati, and at the time of his death and for sometime prior thereto was a member in good standing of the Policemen's Benevolent Association of the city of Cincinnati and was also a member of the police force of the city of Cincinnati. The pleadings and the evidence in the case show that Clifford Johnson, while he was a member of the police force of the city of Cincinnati, made application for membership in the defendant association January 17, 1910, and was admitted to membership on that date. At the time he applied for membership he signed and filed with the association a written and printed statement in which he makes the following statement: "In case of death I desire the amount due me paid to my brothers." At that time his brothers were the defendants, Arthur Johnson, John Johnson and Charles Johnson. Clifford Johnson at that time was unmarried. Subsequently he married, and at his death left Clara L. Johnson, his widow, but no children, and died intestate.

The defendant association is organized under the laws of the state of Ohio, under Sections 9427, 9428 and 9429 of the General Code, formerly Section 3630, Revised Statutes, which among other things provide that:

"A company or association may be organized to transact the business of life or accident insurance on the assessment plan for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families or heirs of the deceased members of such company or association."

This act was passed May 14, 1886. The defendant association was incorporated under this statute September 10, 1888. Among other things its constitution and by-laws provide that its object "shall be to provide assistance for the families or legal heirs of a deceased member." By Article IV, Section 1, of its constitution, it is provided that:

"Each member of this association shall be assessed the sum of two (2) dollars, to be paid within thirty (30) days after the death of a member, upon due notification."

570    HAMILTON COUNTY COMMON PLEAS.

Johnson v. Benevolent Association.    (Vol. 13 (N.S.)

Section 2 of the same article reads as follows:

"The sum so paid shall be held as a death benefit fund, to be paid to the family or whoever the next deceased member may have elected, immediately, upon satisfactory evidence of such death having been furnished to the board of trustees.".

These are the only sections of the constitution which bear upon the case under consideration.

The petition in this case was filed January 29, 1912, by the plaintiff, Clara L. Johnson, the widow of Clifford Johnson, wherein she alleges that he died December 12, 1911, at which time he was a member in good standing of the defendant association; that she is his widow dependent upon him for support and is his sole heir at law and the sole member of his family. She asks for a judgment against the defendant association for $1,500.

The defendant association under the statute has interpleaded in the case by filing an affidavit in which it sets up that it has in its hands $1,328, which represents the amount due on the life of Clifford Johnson, deceased; that said decedent, Clifford Johnson, named his brothers as beneficiaries to whom the fund should be paid at his death by the defendant association; that said fund represents the amount raised by assessment on the members; that without collusion with the defendant association, the plaintiff, Clara Johnson, and the brothers of Clifford Johnson, deceased, to-wit, John, Charles and Arthur Johnson, make claim to the fund; that the defendant association is ignorant of the rights of the respective claimants, and does not know to whom it can safely be paid; that it is ready and willing to pay the money as the court may direct and hereby offers so to do and asks that the respective parties may interplead between themselves and that the court determine to whom said fund should be paid.

The brothers by answer and cross-petition claim the fund by virtue of having been designated as the beneficiaries by Clifford Johnson, deceased, at the time he became a member of the defendant association, and aver that no change was made in the

designation and that they are the brothers of Clifford Johnson, deceased, members of his family, and entitled to said fund.

The court made an order of interpleader in the case, and the cause was submitted to the court without the intervention of a jury, both parties having waived a jury, and the evidence was heard and submitted with the case. There is practically no dispute as to the facts in the case, that Clifford Johnson at the time he became a member of this defendant association was unmarried and that his three brothers above named were his next of kin. Sometime after he became a member of the defendant association, he married the plaintiff and died as stated, leaving her as his widow, intestate and without children. There was the testimony of Mary Schnittger, at whose house the deceased lived during his last illness, that she had requested Clifford Johnson to change the designation of the beneficiary in the defendant association, and asked him if he did not desire to substitute his wife's name for his brothers as the beneficiary, but he answered that he did not desire to do so, but desired the fund to be paid to his brothers unless there was a child born to his wife.

The question to be determined by the court in this case is, to whom shall this fund be paid—to the plaintiff, the widow of Clifford Johnson, deceased, or to the brothers who were designated in writing as the beneficiaries? Both by the law of the state and the constitution of the defendant association, the fund raised by assessment was to be held as a death benefit fund, to be paid to the family or the legal heirs of the deceased, or to whoever the deceased member may have elected, which I take it means have designated.

It has been held by numerous authorities that the right of the beneficiaries in the funds is not a vested right during the lifetime of the member of a benefit society. The rule of these societies is just the opposite to that relating to life insurance, where it is generally held that the beneficiary has a vested interest from the date of the issuing of the policy. But the rule applicable to benefit societies is that the beneficiary has a mere expectancy during the life of the member, and that the right of the member is the power of designation if that right is given to

him; otherwise the fund is to be paid to the persons specified in the law of the society and the law of the state under which the society is organized.

The contract between the society and a member is with the member; he alone is interested in it, and the beneficiary has no rights which can not be lost by the act of the member, and none that can be asserted while the member is living. The member of the society, as such has, under this contract, no interest or property in this benefit, but simply the power to appoint some one to receive it. Sections 236-237, V. 1, Bacon on Benefit Societies.

Now the constitution of the defendant association empowered Clifford Johnson to designate some one as the beneficiary, and this provision of the constitution of the society is not in conflict or inconsistent with the law of the state under which the society was organized (see sections of General Code above cited). At the time Clifford Johnson designated his brothers as the beneficiaries, they came within the class of persons who might be designated as beneficiaries. They were members of his family and they were also the persons who would have been his heirs at law had he died unmarried. They were, therefore, proper persons who could lawfully be designated as beneficiaries of this fund. By the marriage of Clifford Johnson subsequently to this designation, these brothers ceased to be members of his family in the strict sense of the word, at least they were not members of his immediate family. His wife and himself were living together and his immediate family consisted of his wife alone. She is also his sole heir at law, so far as any personal property is concerned under the laws of the state of Ohio, and the brothers who would have been his heirs had he died unmarried, are not now his heirs because of this marriage.

The question therefore is, did the marriage of Clifford Johnson have the effect to revoke the designation of his brothers as beneficiaries? If Clifford Johnson had made no designation at the time he became a member of the defendant association, there is no doubt that the fund would be payable to his widow, the plaintiff. If he had substituted his wife as the beneficiary in place of his brothers, designated by him as beneficiaries, then

there could be no question as to the right of his widow to this fund. But having designated his brothers at a time when it was proper to do so and when they came within the two classes provided for—his family and his heirs—and never having changed the designation, it seems to the court that the sole question to be determined is, did the marriage of Clifford Johnson in law operate to revoke the designation of his brothers as beneficiaries?

There appears to be a great conflict of authorities upon this question. Counsel for the plaintiff and for the brothers have cited numerous authorities in support of their respective contentions. It is contended by counsel for the plaintiff that the rights of the parties to this fund are not to be determined as of the date of the death of Clifford Johnson, but rather as of the date when the fund is payable. There was no certificate issued in this case, nor does the defendant association issue certificates, but the court is of the opinion that this fact is not material. The certificate would simply be the evidence of the rights of the members and of those who would be entitled to the fund.

It was held by the General Term of the Superior Court of Cincinnati in the case of *The Young Mens Mutual Life Association* v. *Harrison*, 23 Bul., 360, that a member of an association organized under Section 3630, Revised Statutes (the law under which the defendant association was organized), for the purpose of mutual protection and relief of its members and for the payment of stipulated sums of money to the family or heirs of deceased members, may designate his mother as the beneficiary—a case similar to the one at bar—and under this decision we see no reason why Clifford Johnson could not designate his brothers.

It is contended by counsel for the brothers that the contract is between the deceased, Clifford Johnson, and the defendant association, and that he and he alone had the right to designate or to change the designation and to substitute any person he desired as the beneficiary, provided the designation was within the class of persons who could participate in the distribution of the fund.

It was held in the case of *Catholic Order of Foresters* v. *Calahan*, 146 Mass., 391, that where an unmarried member of an

organization, such as the one in the case at bar, had designated his mother as the beneficiary, that she was a proper person and came within the class, and that the member's subsequent marriage—living with his wife apart from his mother—did not operate to revoke the designation of his mother, and that the mother was entitled to the fund as against the widow. In that case the law authorized the society to raise a fund "for the purpose of assisting the widows, orphans, or other persons dependent upon deceased members, or other relatives of the deceased members."

The court says on page 394:

"The deceased member had a right to designate as the beneficiary of the fund any person coming within the statutory provisions which enumerate those who may be thus designated. * * * The designation of his mother by the deceased was therefore one to which the association had a right to assent, as it did assent, by accepting the order of the deceased." Citing several authorities. "This (designation) was not revoked by the subsequent marriage of John J. Callahan, and his mother, Catherine Callahan, is now entitled to receive the fund of $1,000."

Counsel for the plaintiff cite the case of *Knights of Columbus* v. *Rowe*, 70 Conn., 545, which holds just the contrary to the case last cited 146 Mass., on apparently the same state of facts, the one difference being that the father was designated as the beneficiary instead of the mother, and the member subsequently married and died leaving a widow. This case arose under the laws of Connecticut providing for the organization of the society of which Rowe was a member, but the law provided that the fund should be paid to such persons of the member's *immediate family* as the member should designate, and in default of an immediate family, then to such relative of the member as he should designate, and in default of any designation by the member, then to be paid to such family or relative who are heirs at law of the member. The court in this case construed the law to mean that the widow, being the *immediate family*, was first entitled to the fund in preference to the father.

We think this case under the law of Connecticut can be distinguished from the case at bar because the statute under which

the defendant association was incorporated does not point out to whom the fund shall be paid other than to the family or legal heirs.

The case of *Larkin* v. *Knights of Columbus*, 188 Mass., 22, followed the case in 70 Conn., *supra*, but this decision was based upon the law of Connecticut, and the Supreme Court of Massachusetts in deciding the case said that they felt that they were concluded by the decision in 70 Conn. The Supreme Court of Massachusetts has not reversed the case in 146 Mass., but on the contrary has approved that case in *Clark* v. *Royal Arcanum*, 176 Mass., 468, at page 471, where the court says:

"Nor does the subsequent marriage of the wife to the member revoke or in any way affect the contract which he had made with the society." Citing *Catholic Order of Foresters* v. *Callahan*, 146 Mass., 391.

There are many cases which hold that if the designation was a proper one at the time it was made, the person or persons so designated would be entitled to the fund at the death of the member, if there has been no change in the designation, even though the status of the beneficiary and the member change subsequently to the designation.

In *Sheehan* v. *Journeymen's B. P. Association*, 142 Cal., 489, a member had designated his mother as the beneficiary, and subsequently married. It was held in the case where the widow claimed the fund as against the mother, that the subsequent marriage of the member did not operate to revoke the designation, and that the mother was entitled to the fund.

In *Overhiser* v. *Overhiser*, 14 Col. App., 1, the member was married and designated his wife as the beneficiary. Thereafter the wife obtained an absolute divorce and after the divorce, upon the death of the husband, it was held that she was entitled to the fund.

In *Stake* v. *Stake*, 228 Ill., 630, the member designated his brother as the beneficiary and subsequently married. *Held:* that the subsequent marriage did not revoke the designation of the brother as the beneficiary and as against the widow after

the death of the member. It was held that the brother was entitled to the fund.

To the same effect is the case of *Highland* v. *Highland*, 109 Ill., 366.

In *While* v. *Brotherhood of American Yeomen*, 124 Ia., 293, a member designated his wife as the beneficiary. Thereafter the wife obtained an absolute divorce and on the death of the member, although she was not then his wife, it was held that she was entitled to the fund, he having failed to substitute another beneficiary.

In *Courtois* v. *Grand Lodge A. O. U. W.*, 135 Cal., 522. a member designated his wife as the beneficiary, subsequently was divorced, and upon his death the divorced wife was awarded the fund.

In *Schmidt* v. *Hauer*, 111 N. W. (Ia.), 966, a member designated his wife as the beneficiary, thereafter was divorced from her and having died a member in good standing, it was held that the divorced wife was entitled to the fund.

In *Benton* v. *Brotherhood of R. R. Brakemen*, 146 Ill., 570, a member designated his mother as the beneficiary, who was not dependent upon him. He subsequently married, and it was held in a contest between the mother and the widow over the fund, that the mother was entitled to the fund and that the marriage of the member after the designation did not operate to revoke the designation. This is a very strong case following the case in 146 Mass., 391.

In *Brown* v. *Order A. U. W.*, 208 Pa. St., 101, a member designated his wife as the beneficiary, subsequently was divorced absolutely from her, and after his death it was held that the divorced wife was entitled to the fund.

Counsel for the plaintiff have cited several authorities which he claims support the rule laid down in 70 Conn., 545. We shall note these cases briefly.

In the case *Caudell* v. *Woodward*, 96 Ky., 646 (29 S. W., 614), the beneficiary designated was not a member of the family nor an heir—merely a friend—and it was very properly held that such a designation was void because she did not come within the

class of persons whom the law of the state and the law of the order provided for.

In *Wagner* v. *St. Francis Xavier Benefit Society*, 70 Mo. App., 161, the member attempted by will to divert the funds from the persons to whom it was payable under the law and by the rules of the society. It was very properly held that this could not be done.

*Groth* v. *Central*, 95 Wisc., 140, is a case not in point because the certificate in that case was issued to one who did not come within the class of persons provided for either under the laws of the state or under the law of the order and the certificate was held to be void as to the beneficiary named.

*Love* v. *Clune*, 24 Colo., 237, is a case in which the member designated one who was not in the class of persons to be provided for.

The case of *American Legion of Honor* v. *Smith*, 45 N. J. Eq., 466, is not in point because the fund was awarded to the wife, although she had been divorced but not absolutely.

I have heretofore referred to *Larkin* v. *Knights of Columbus*, 188 Mass., 22, in which case the Supreme Court of Massachusetts in passing upon the case of an association organized under the laws of Connecticut, followed the case in 70 Conn.

The case of *Grand Lodge* v.-*Iseet*, 37 S. W., 377, is one in which the member undertook to designate as a beneficiary one who was not within the class of persons to be provided for.

*Britton* v. *Supreme Council*, 18 Atlantic, 675, is another case in which the member undertook to designate as a beneficiary a person who was not within a class of persons provided for by the law of the order or of the state.

The case of *Journeymen's Butcher Assn.*-v. *Bristol*, 120 Pacific, 787, is another case in which the member undertook to designate as the beneficiary a person who was not within the class of persons to be benefitted by the law of the state or of the order.

The court has not the space to go over all the cases cited by counsel on both sides. The one case in this state which the court believes has a tendency to support the claim of the plaintiff, is that of *Brotherhood of R. R. Trainmen* v. *Taylor,* 9 C.C.

(N.S.), 17. In this case the Circuit Court of Ross County held that a divorced wife of a member who had been designated as the beneficiary in a certificate issued by a society organized under Section 3631-11, Revised Statutes, was not entitled to the fund upon the death of the member in good standing, because it was held that the status of the beneficiary at the time of the payment had changed and that she was not then his wife.

In this case the court uses the following language on page 20:

"The main question here is whether or not this certificate shall be construed according to its terms at the date of issue or whether we shall construe this policy, and change in effect its character and meaning, by construing it as of the date of payment of the benefits. For if it be construed as of the date of issue, Alice B. Taylor was then his wife and under the contract terms of the certificate should be paid. And if it should be construed to take effect at the date of payment and to take effect only to one of the persons named in this section of the statute, then it is very evident that Alice B. Taylor can not take, although the certificate in express terms provides that she may, and therein lies, we think, the great or seeming conflict of authority of the various cases that have been cited to us upon both sides of this question. It is our opinion that when the statutes of Ohio provided that payment of death benefits shall be to one of the class named, that this certificate should be construed as of the time of payment and payable only at that time to one of the classes named in the statute, if there be any such."

I agree with the learned court which decided this case that there is a seeming great conflict of authority upon this question; in fact the conflict is so great that it is utterly impossible to reconcile the authorities. But it seems to me that this designation by Clifford Johnson was made at a time when it was perfectly valid to designate his brothers, and that at that time they came within both the classes of persons who might be named as beneficiaries, to-wit: members of his family and his heirs. It is true that no one has heirs until his death, but the brothers stood in the relation of his next of kin and would have been his heirs had he died unmarried. They were also members of his family, whatever family he then had. He himself did not see fit to change the designation which he had made when he became a

member of this society, and I am of the opinion that upon the weight of authority, it is not within the province of the court or any person, other that the member, to change the name of the beneficiary. The designation of the brothers as beneficiaries was not void, but a perfectly valid designation at the time it was made and as we have seen from the cases cited, the weight of authority is to the effect that a subsequent marriage does not have the legal effect of revoking the designation made by a member, which designation was legal and valid when made.

I have endeavored to solve this problem as best I can in view of the conflicting authorities, and I may say that the sympathies and inclinations of the court are with the widow rather than with the brothers; but aside from the case cited in the 9th C. C. (N.S.), I am unable to find any authority to warrant a conclusion that there has been a revocation of the designation made by Clifford Johnson of the beneficiaries to whom this fund was to be paid. I am of the opinion that the case in 9 C.C. (N.S.) is to be distinguished from the case at bar, because the statute under consideration in that case prescribes the order in which payments were to be made, and further because in the designation made by the member in that case, he provided that the money was to be paid to Alice B. Taylor, his wife, if living, and if not living, to be paid to the administratrix of his estate in trust for the heirs of the member, and the court by a fiction of law in that case, held that while Alice B. Taylor was living, the *wife* by a decree of divorce had ceased to live. She was no longer the wife; the words Alice B. Taylor were merely *descriptio personae*.

The judgment of the court is that the fund in this case be paid to the brothers of Clifford Johnson.