The bill sets up these facts. The certificate of membership of Harold I. Sanders, now deceased, in the Royal Arcanum designates his mother as beneficiary of the death fund of the *Page 402 
arcanum. When the certificate was issued he was single and lived with his mother, who was dependent upon him. At his death he was married to the complainant, who was then dependent on him and his mother was not. That beneficial rights under the certificate are subject to the constitution and laws of the arcanum and one of the provisions is that —
"No death benefit shall be paid to a designated beneficiary unless such beneficiary establishes by proof in writing satisfactory to the examiner of claims that the dependency shown at the issuance of the benefit certificate exists at the date of the member's death."
The prayer is that the arcanum be ordered to pay the benefit to the complainant.
The bill discloses no contractual relation between the complainant and the arcanum nor any right in the complainant to the fund. The bill is fatal in that respect.
The right to the benefit is in the mother under the certificate and of that right she has not been dislodged by the marriage of her son, though it may have worked a change of dependents from mother to wife.
The constitution and laws of the arcanum make certain relatives of the member eligible as beneficiaries, viz., wife, children, parents, c., enumerated under "class first," and as to this class it is provided that —
"In either of which cases no proof of dependency of thebeneficiary designated shall be required; but in cases of adoption, satisfactory proof of the legal adoption of the child or the parent designated as the beneficiary, to the supreme secretary, must be furnished before the benefit certificate can be issued."
The specified relationship is the qualifying test.
Under "class second" actual dependents of the members are also admissible beneficiaries. The rule first quoted and upon which the complainant relies, relates solely to dependents included in class second and the cases cited by her counsel deal with that type, and the question of fact in these cases was whether the beneficiary was actually dependent upon the member (Murphy v.Nowak, 223 Ill. 301; Supreme Council A.L.H. v. Perry,140 Mass. 580; McCarthy v. Supreme *Page 403 Lodge N.E., c., 153 Mass. 314, and others), and have no bearing on the point now decided, that a certificate of membership in the Royal Arcanum designating the member's mother as beneficiary of the death benefit, is valid and enforceable by her whether she was or not a dependent of her son at the issuing and maturity of the certificate. Massachusetts, c., Foresters
v. Callahan, 146 Mass. 391.
Preliminary injunction denied and the bill will be dismissed.